UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAKIA HARRIS | CIVIL ACTION |
| VERSUS | NO. 18-13356 |
| LOUISIANA OFFICE OF JUVENILE JUSTICE | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court are motions to dismiss by defendants (1) the Office of Juvenile Justice of the State of Louisiana, and (2) the Louisiana Department of Public Safety and Corrections.[1] The Court grants the Office of Juvenile Justice's motion because it is not an entity that can be sued. The Court grants the motion the Department of Public Safety and Corrections' motion because it is an arm of the state, and plaintiff's federal claims against it are barred.

### I. BACKGROUND

This case arises out of an employment dispute. Plaintiff Nakia Harris is a Juvenile Probation and Parole Officer in the Louisiana Office of Juvenile Justice, which is an administrative office within the Louisiana Department of Public Safety and Corrections.[2] Plaintiff alleges that she is the primary

---

[1] R. Doc. 6; R. Doc. 14.
[2] R. Doc. 12 at 1 ¶ 4.

caregiver for her disabled daughter, and that she must regularly take her daughter to medical appointments for treatment of cerebral palsy.³ According to plaintiff, her supervisor allowed her to work a flexible schedule from 6:30 a.m. to 3:00 p.m. from August 2012 to September 2017, so that she could take her daughter to her appointments in the afternoon.⁴ But, beginning on September 15, 2017, Orleans Parish Drug Court, which plaintiff had to attend as part of her job, was reset to begin at 2:00 p.m. instead of 12:00 p.m.⁵ The later start time meant that court proceedings regularly continued after 3:00 p.m., allegedly preventing plaintiff from leaving in time to take her daughter to her appointments.⁶

Plaintiff states that she asked to be reassigned so that she would not have to attend the Drug Court proceedings.⁷ Plaintiff allegedly received permission from Judge Cook-Calvin to leave the Drug Court proceedings at 3:00 p.m., or, alternatively to have a different probation officer substitute for her.⁸ Plaintiff alleges that there were other qualified probation officers who would have been available to replace her.⁹ But plaintiff's supervisor allegedly

---

3   *Id.*
4   *Id.* at 2 ¶¶ 8-9.
5   *Id.* at 2 ¶ 10.
6   *Id.* ¶¶ 11-12.
7   *Id.* ¶ 12.
8   *Id.* at 3 ¶¶ 13-14.
9   *Id.* ¶ 15.

denied her request to reassign the Drug Court duties.[10] The supervisor did reassign "extra duties" that the plaintiff had been performing.[11]

Plaintiff alleges that she then met with the regional manager on September 11, 2017.[12] The next day, plaintiff allegedly filed an official grievance regarding her supervisor's refusal to reassign her Drug Court duties.[13] On the same day, plaintiff received a "letter of counseling" stating that she failed to report for work on August 29, 2017, and that she reported late on August 30, 2017 without notifying her supervisor.[14] Plaintiff alleges that she was not required to report for work on August 29 because of Tropical Storm Harvey, and that she did notify her supervisor that she would be late on August 30.[15]

Several days after filing her grievance, plaintiff allegedly forwarded the grievance to the assistant secretary of the Office of Juvenile Justice.[16] On October 10, 2017, plaintiff met with the regional manager and the assistant secretary.[17] Plaintiff alleges that she next filed a request under the Family

---

10     *Id.* ¶¶ 18-19.
11     *Id.* ¶ 20.
12     *Id.* at 4 ¶¶ 21-22.
13     *Id.* ¶ 24.
14     *Id.* ¶¶ 32-37.
15     *Id.*
16     *Id.* at 25.
17     *Id.* ¶ 27.

Medical Leave Act, which was initially approved by the HR liaison and regional manager, but was rejected two days later by plaintiff's supervisor.[18] Plaintiff alleges that she left her position three months after these events on February 20, 2018.[19]

On October 23, 2018, plaintiff filed a petition for damages in Orleans Parish Civil District Court against the Louisiana Office of Juvenile Justice.[20] Plaintiff alleged violations of the Americans with Disabilities Act, retaliation under Title VII of the Civil Rights Act of 1964, and violations of Louisiana employment statutes.[21] On December 11, 2018, defendant Louisiana Office of Juvenile Justice removed this case to this Court on the basis of federal question jurisdiction.[22] The Office of Juvenile Justice then filed a motion to dismiss arguing that it did not have the juridical capacity to be sued under Federal Rule of Civil Procedure 17(b).[23] In response, plaintiff sought and was granted leave to amend her complaint.[24] The amended complaint alleges the

---

[18] *Id.* at 5-6 ¶ 29, ¶¶ 39-40.
[19] *Id.* at 6 ¶ 41.
[20] R. Doc. 1-5.
[21] *Id.*
[22] R. Doc. 1.
[23] R. Doc. 6.
[24] R. Doc. 11.

4

same facts and claims, but it names the Louisiana Department of Public Safety and Corrections as a defendant.[25]

Defendant Louisiana Department of Public Safety and Corrections has now filed a motion to dismiss on the basis that plaintiff's claims against it are barred by sovereign immunity.[26] Plaintiff opposes the motion.[27]

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the party pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the nonmoving party. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *Iqbal*, 556 U.S. at 678. It need not

---

[25] R. Doc. 12.
[26] R. Doc. 14.
[27] R. Doc. 18.

5

contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the party's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. DISCUSSION

#### A. Motion to Dismiss Louisiana Office of Juvenile Justice

Defendant Louisiana Office of Juvenile Justice argues that plaintiff's claims against it must be dismissed because it is not a juridical entity that can be sued.[28] Federal Rule of Civil Procedure 17(b)(3) provides that when a defendant is neither an individual or a corporation, whether the defendant can be sued is a matter to be determined, "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). The Office of Juvenile Justice is neither an individual nor a corporation—it is an administrative office within

---

[28] R. Doc. 6-1 at 1-3.

the Department of Public Safety and Correction.[29] Whether the Office of Juvenile Justice can be sued is therefore determined by Louisiana law.

In Louisiana, an entity "must qualify as a juridical person" to be capable of being sued. *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2 Cir. 2006). The Louisiana Civil Code defines a juridical person as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. A unit of local government is a juridical person when it is "separate and distinct from other government entities, [and] when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage and Water Board of New Orleans*, 634 So. 2d 341, 347 (La. 1994). The Office of Juvenile Justice is not a juridical person, because it is not a separate and distinct unit of local government. As already explained, it is merely an administrative office within the Department of Public Safety and Corrections.

Plaintiff does not contest that the Office of Juvenile Justice cannot be sued under Rule 17(b)(3). She instead relies on her amended complaint, which names the Louisiana Department of Public Safety and Corrections.[30]

---

[29] *See* R. Doc. 6-2 at 2.
[30] *See* R. Doc. 10.

Accordingly, defendant Louisiana Office of Juvenile Justice's motion to dismiss is granted, and plaintiff's claims against the Office of Juvenile Justice are dismissed.

## B. Motion to Dismiss Louisiana Department of Public Safety and Corrections

Defendant Louisiana Department of Public Safety and Corrections argues that each of plaintiff's claims against it fails for different reasons. First, it contends that plaintiff's ADA claim is barred by sovereign immunity.[31] Second, it argues that plaintiff has failed to plausibly allege the required elements of her retaliation claim.[32] Third, it argues that she does not have a right of action under the Louisiana employment statute.[33] The Court addresses each claim in turn.

### 1. ADA claim

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (internal citations omitted). Louisiana has explicitly asserted its sovereign immunity by statute. La. R.S.

---

[31] R. Doc. 14-2 at 2-4.
[32] *Id.* at 4.
[33] *Id.* at 4-7.

13:5106(A) (2010) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."). This immunity extends to certain State agencies as well as the State itself. *Id.*; *Raj*, 714 F.3d at 328. The Department of Public Safety and Corrections is an arm of the state and is therefore generally immune from suit. *Addison v. McVea*, No. 13-5264, 2014 WL 7137303, at *4 (E.D. La. Dec. 15, 2014) ("For Eleventh Amendment purposes, the DOC is considered an arm of the state because any judgment against it or its subdivisions necessarily would be paid from state funds.").

But "a state's immunity from suit is not absolute." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). As already noted, it may be abrogated by Congress or waived. *Raj*, 714 F.3d at 328. The Supreme Court held in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001), that Congress did not abrogate sovereign immunity for Title I of the ADA. *Id.* at 374. To waive sovereign immunity on a claim, a state must "invoke[] federal-court jurisdiction or . . . make[] a 'clear declaration' that it intends to submit to federal jurisdiction." *Id.* (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999)). In *Meyers ex. Rel. Benzing v. Texas*, 410 F.3d 236 (5th Cir. 2005), the Fifth Circuit held that when a state removes a case against it

9

from state to federal court, it voluntarily invokes federal court jurisdiction and thus waives its immunity from private suits. *Id.* at 250. Thus, by removing this case to federal court, the state has waived its sovereign immunity and consented to suit by the plaintiff.

A waiver of immunity from suit does not automatically mean that plaintiff can recover against the Department of Public Safety and Corrections. The Fifth Circuit explained in *Meyers* that "a sovereign enjoys two kinds of immunity that it may choose to waive or retain separately— immunity from suit and immunity from liability. *Id.* at 252-53. When a state invokes federal court jurisdiction by removing a case to federal court, it waives immunity from suit, but it does not necessarily waive immunity from liability. "Whether [a state] has retained a separate immunity from liability is an issue that must be decided according to that state's law." *Id.* at 255. Thus, the Court looks to Louisiana law to determine whether the state has retained immunity from liability in ADA actions. The state has retained immunity if defendant would have immunity against plaintiff's claims in state court.[34] *Pegues v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll., LSU Sch. of Dentistry & Faculty Dental Practice*, No. 18-2407, 2019 WL 1544366, at *4 (E.D. La. Apr. 9, 2019).

---

34  R. Doc. 12 at 7-10.

"[U]nder its constitution, the State of Louisiana has unambiguously claimed to the fullest extent its sovereignty within the federal system." *Jones v. La. Dep't of Health & Hosps.*, No. 15-6997, 2016 WL 3198614, at *2 (E.D. La. June 9, 2016) (citing *Holliday v. Bd. of Supervisors of LSU Agric. and Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014)). The prevailing view among both federal and state courts is that Louisiana has not waived its immunity for Title I ADA claims. *Jones*, No. 15-6997, 2016 WL 3198614, at *2; *Pegues*, No. 18-2407, 2019 WL 1544366, at *4 ("The Louisiana Second Circuit Court of Appeal has held the State of Louisiana has not waived its sovereign immunity for claims under Title I of the ADA."); *Reed-Salsberry v. State, DPSC*, 216 So. 3d 226, 230 (La. App. 2 Cir. 2017). The Court therefore finds that plaintiff's ADA claim against the Department of Public Safety and Corrections is barred and must be dismissed.

In addition, this dismissal must be with prejudice under Federal Rule of Civil Procedure 12(b)(6). When a defendant successfully invokes sovereign immunity from suit under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, the claim must be dismissed without prejudice. *Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017). But here, the Court has determined that defendant waived its immunity to suit. The Court therefore may exercise its subject matter jurisdiction over this

11

case. The Court's dismissal of plaintiff's federal claims on the basis of defendant's immunity from liability is not jurisdictional and instead constitutes an adjudication on the merits. *See Jones*, No. 15-6997, 2016 WL 3198614, at *3 (dismissing ADA claim with prejudice when plaintiff had waived immunity to suit but not to liability); *Cephus v. Texas Health & Human Servs. Comm'n*, 146 F. Supp. 3d 818, 829 (S.D. Tex. 2015) (same); *Garza v. Texas Dep't of Aging & Disability Servs.*, No. 686-SS, 2017 WL 4681799, at *3-4 (W.D. Tex. Oct. 17, 2017) (denying motion to dismiss for lack of subject matter jurisdiction on the basis of waiver but granting motion for judgment on the pleadings on the basis of immunity from liability). The Court therefore dismisses plaintiff's Title I ADA claim with prejudice.

2. *Retaliation claim*

Plaintiff's second claim is for retaliation under the Civil Rights Act. Plaintiff has failed to allege facts that entitle her to relief on this claim. To state a claim for retaliation, a plaintiff must show: "(1) that [she] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002). Title VII of the Civil Rights Act protects employees from discrimination on the basis of "race, color, religion, sex, or national origin."

42 U.S.C. § 2000e-2. Plaintiff does not allege that defendant discriminated against her on any of these bases. Instead, she alleges that the state discriminated against her on the basis of her daughter's disability.[35] She therefore cannot state a claim for retaliation under Title VII.

The type of retaliatory behavior that plaintiff alleges is properly addressed via Title V of the ADA. *See* 42 U.S.C. § 12203 (prohibiting discrimination for opposing "any act or practice made unlawful by this chapter"). Multiple courts, including those in this district, have held that Congress did not abrogate sovereign immunity for Title V of the ADA.[36] *See Cancienne v. Bd. of Supervisors for Univ. of Louisiana Sys.*, No. 18-7934, 2019 WL 1979932, at *4 (E.D. La. May 3, 2019) ("[C]ourts in the Fifth Circuit have . . . held that the reasoning in *Garrett* necessarily applies to retaliation claims brought pursuant to Title V of the ADA that are predicated on violations of Title I (internal quotation marks omitted)); *Worley v.*

---

[35] *See* R. Doc. 12 at 1 ¶ 1.
[36] The Supreme Court has held that Congress did not abrogate sovereign immunity for Title I of the ADA, *see Garrett*, 531 U.S. at 374, but it did abrogate sovereign immunity for Title II. *United States v. Georgia*, 546 U.S. 151, 159, (2006). Most courts that have addressed the issue have held that Title V is more similar to Title I because, applying the Supreme Court's reasoning from its analysis in *Garrett*, "[t]here is nothing in the ADA's legislative findings demonstrating a pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled." *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001).

13

*Louisiana*, No. 10-3313, 2012 WL 218992, at *4 (E.D. La. Jan. 25, 2012); *Demshki*, 255 F.3d at 988-89.

There is also no reason to find that the state has waived sovereign immunity for Title V, given that it has explicitly retained the most expansive sovereign immunity protection available under the law. *See Jones*, No. 15-6997, 2016 WL 3198614, at *2. The Louisiana Supreme Court has held that the state did not waive sovereign immunity for actions under the Family and Medical Leave Act, a similar federal employment statute. *Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014). The Louisiana Second Circuit also held that the state has not waived immunity on ADA claims. *Reed-Salsberry*, 216 So.3d at 230. Although the plaintiff in that case brought claims under Title I, the Court did not base its holding on reasons specific to Title I. *Id.* (holding that the plaintiff's ADA claims were indistinguishable from the FMLA claims that the Supreme Court found were barred). The Court sees no reason why Title V should be treated differently than Title I on this issue, especially because plaintiff's basis for a retaliation claim under Title V would be underlying violations of Title I.

Thus, even if plaintiff attempted to amend her complaint to correctly allege her claim, the claim would be barred. Plaintiff cannot recover against defendant on her retaliation claim.

### 3. State law claim

Having determined that plaintiff's federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over her remaining state law claim. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Further, "the Supreme Court has counseled that the dismissal of all federal claims weighs heavily in favor of declining jurisdiction." *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). The Court therefore dismisses plaintiff's remaining state law claim without prejudice. *See Bass*, 180 F.3d at 246 ("[T]he dismissal of . . . pendent [state] claims should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court.") (emphasis in original). It does not reach the merits of defendant's arguments on these claims.

## IV. CONCLUSION

For the foregoing reasons, the Court grants defendants' motions to dismiss. Plaintiff's federal claims are barred and are DISMISSED WITH PREJUDICE. Her state law claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 26th day of June, 2019.

 _Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE